UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>     v.<br><br>CHARLIE W. DAW,<br><br>              Defendant. | Case No. 4:08-cr-00189-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Pending before the Court is Defendant Charlie W. Daw's Motion to Amend Restitution Order (Dkt. 31). For the reasons explained below, the Court will dismiss the motion.

### BACKGROUND

In April 2009, Charlie Daw pleaded guilty to Selling Stolen Firearms, in violation of 18 U.S.C. § 922(j). He was sentenced to 108 months' imprisonment, followed by a three-year term of supervised release. Daw was also ordered to pay $20,927.37 in restitution. The Court-ordered schedule of payments required Daw to "submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program." *See Aug. 12, 2009 Judgment,* Dkt. 30, at 6.

In March 2014, Daw filed a motion asking the Court to defer any further restitution payments until his release from prison.  *See* Dkt. 31.  The government did not respond.

## ANALYSIS

A prisoner may challenge the terms of a restitution order in a habeas corpus petition brought under 28 U.S.C. § 2241.[1]  Petitions filed under 28 U.S.C. § 2241 should be filed in the district court in the petitioner's place of incarceration.  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). There are no federal prisons in Idaho. As a result, Daw should have filed his petition in the district court located in his place of incarceration.  The Court will therefore dismiss his motion.

Moreover, even assuming the Court could reach the merits of Daw's motion, his request for relief likely would be foreclosed under *United States v. Lemoine,* 546 F.3d 1042, 1046 (9th Cir. 2008).

As here, defendant Lemoine's order of restitution required him to pay restitution "at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prison's Inmate Financial Responsibility Program [IFRP]." *Id.* at 1044.  Lemoine then voluntarily

---

[1] *See, e.g., See United States v. Lemoine,* 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's claim and holding that voluntary participation in IFRP did not warrant any relief under 2241); *Montano–Figueroa v. Crabtree,* 162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to IFRP as applied to payment of criminal fines); *see also Dohrmann v. United States,* 442 F.3d 1279, 1280–81 (11th Cir. 2006) (declining to grant relief under section 2241 because petitioner failed to challenge restitution order on direct appeal and could not demonstrate exceptional circumstances excusing such failure).  *But see Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir. 2002) (petitioner's claim characterized as a challenge to the validity of sentence and thus not cognizable under section 2241); *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1114 (5th Cir. 1990) (holding that district court properly dismissed petitioner's section 2241 claims regarding alleged error in monetary assessment imposed with sentence because such error is properly challenged under 28 U.S.C. § 2255).


enrolled in the IFRP, and the BOP required him to pay $132 per month, which triggered Lemoine's challenge to the BOP's authority to require payment higher than the court's schedule. Because the district court had set a schedule of at least $25 per quarter, the Ninth Circuit upheld the restitution order. *Id.* at 1047-50. The Ninth Circuit rejected Lemoine's argument that he was being "forced" to participate in the IFRP because he would be denied certain privileges if he had refused to join, explaining that

> where the district court has properly set a restitution repayment schedule as required under the MVRA [Mandatory Victims Restitution Act, 18 U.S.C. § 3663A], the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate participation in the IFRP.

*Id.* at 1050.

Daw does not address or distinguish *Lemoine*.

## ORDER

**IT IS ORDERED that** Defendant Charlie W. Daw's Motion to Amend Restitution Order (Dkt. 31) is **DISMISSED.**

DATED: December 8, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court